NO. 07-05-0340-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 10, 2006



______________________________


 

KERWIN GIBBS, APPELLANT



V.



ALLSUP'S CONVENIENCE STORES, INC. AND


FEDERATED MUTUAL INSURANCE COMPANY,


FEDERATED INSURANCE AN ASSUMED NAME


OF FEDERATED MUTUAL INSURANCE COMPANY


AND/OR FEDERATED SERVICES INSURANCE COMPANY


 AND DAWN WILLEFORD, APPELLEES


_________________________________



FROM THE COUNTY COURT AT LAW NO. 3 OF LUBBOCK COUNTY;



NO. 2005-597,010; HONORABLE PAULA LANEHART, JUDGE


_______________________________




Before REAVIS and CAMPBELL and HANCOCK, JJ.

ON MOTION FOR REHEARING


 By opinion dated December 16, 2005, this court dismissed appellant, Kerwin Gibbs'
appeal for want of prosecution pursuant to Rule 38.8(a)(1) and 42.3(b), (c) of the Texas
Rules of Appellate procedure. By motion for rehearing, appellant contends all matters in
controversy were settled between the parties prior to this court's order. The pleadings and
the motion for dismissal filed with the petition for rehearing confirm this contention. 
Accordingly, the motion for rehearing is granted and the case is reinstated.

 Appellant has filed before this court a motion to dismiss the appeal, citing settlement
of all matters in controversy. Appellee has confirmed the settlement by a responsive
pleading. From the record it is clear that appellant does not desire to pursue the appeal. 

 Without passing on the merits of the appeal, we grant the motion and dismiss the
appeal. Tex. R. App. P. 42.1(a). Pursuant to the motion, costs are to be assessed against
the party incurring them. Having dismissed the appeal by agreement of the parties, no
motion for rehearing will be entertained and our mandate will issue forthwith.


 Mackey K. Hancock

 Justice







828 (1985) (holding that an
indigent defendant is entitled to the effective assistance of counsel on the
first appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief). 


 The trial court is further ordered to execute findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
also direct it to appoint new counsel to assist appellant in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel appointed to represent appellant must also be included in the court's findings of
fact and conclusions of law. Furthermore, the trial court shall also cause to be developed
1) a supplemental clerk's record containing the findings of fact and conclusions of law, and
2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record reporter's record to be filed with the clerk of this court on or before March 25, 2002. 
Should additional time be needed to perform these tasks, the trial court may request same
on or before March 25, 2002.

 It is so ordered.

 Per Curiam



Do not publish.